```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


     THOMAS FOGLIA,
                                      Civil No. 09-1552 (NLH/AMD)
               Plaintiff,

          v.                          OPINION

     RENAL VENTURES MANANGEMENT,
     LLC,

               Defendant.
```

**APPEARANCES:**

Ross Begelman, Esq.
Marc M. Orlow, Esq.
Begelman & Orlow, P.C.
411 Route 70 East
Suite 245
Cherry Hill, NJ 08034
*Counsel for Relator/plaintiff*

Richard J. Kravitz, Esq.
Barry J. Muller, Esq.
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive
Building 3
Lawrenceville, NJ 08648-2311
*Counsel for defendant*

Jordan Milowe Anger,
Assistant U.S. Attorney
Office of the U.S. Attorney
970 Broad Street
7th Floor
Newark, NJ 07102
*Counsel for the United States of America*

John R. Krayniak, Assistant
Attorney General
State of New Jersey
Office of the Attorney General

P.O. Box 085
25 Market Street
Trenton, NJ 08625
*Counsel for the State of New Jersey*

Bill R. Moss, Assistant
Attorney General
Office of the Texas Attorney General
P.O. Box 12548
Austin, TX 78711-2548
*Counsel for the State of Texas*

**HILLMAN, District Judge**

This matter involves a *qui tam* claim under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., arising out of allegedly fraudulent claims for Medicare funds.  Presently pending before the Court is a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) filed by defendant, Renal Ventures Management, LLC.  For the reasons expressed below, defendant's motion will be denied.

## BACKGROUND

In brief summary, plaintiff claims that defendant violated the FCA by falsely certifying that it was in compliance with state regulations regarding quality of care, by falsely submitting claims for reimbursement for the drug Zemplar, and by reusing single-use Zemplar vials.  Previously, in Foglia v. Renal Ventures Management, LLC, 830 F. Supp. 2d 8 (D.N.J. 2011), the Court granted defendant's motion for judgment on the

2

pleadings, but permitted plaintiff leave to file an amended complaint.  Subsequently, in Foglia v. Renal Ventures Management, LLC, 2012 WL 4506014 (D.N.J. Sep 26, 2012), the Court granted defendant's motion to dismiss plaintiff's FCA claims in his second amended complaint, and declined to continue exercising supplemental jurisdiction over plaintiff's state law claims.  Plaintiff appealed the dismissal of his FCA claims to the Third Circuit Court of Appeals, which expressly announced the Third Circuit standard for assessing FCA claims under Rule 9(b), reversed the dismissal of his "factually false" claim, and remanded the case to this Court for further proceedings.  Foglia v. Renal Ventures Management, LLC, 754 F.3d 153 (3d Cir. 2014).

Defendant has moved for judgment on the pleadings on plaintiff's factually false claim.  Plaintiff has opposed defendant's motion.

## DISCUSSION

### A.   Subject Matter Jurisdiction

This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and the Court may exercise supplemental jurisdiction over plaintiff's related state law claim under 28 U.S.C. § 1367.[1]

---

[1] As discussed below, the parties have not addressed the status

**B. Standard for Judgment on the Pleadings**

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). Turbe, 938 F.2d at 428.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal

---

of plaintiff's state law claims that this Court dismissed pursuant to 28 U.S.C. § 1367(c)(3) because of the dismissal of plaintiff's federal claims.

Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal

5

conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached

thereto as exhibits, and matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

     **C.    Pleading standard under Fed. R. Civ. P. 9(b)**

Because the complaint in this case alleges violations of the federal FCA, plaintiff's allegations with respect to these claims must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b).  Even though many courts in this district and throughout the country have often applied the heightened Rule 9(b) pleading requirements to assess the viability of FCA claims, the standard for analyzing the sufficiency of a FCA complaint was not specifically addressed by the Third Circuit Court of Appeals until this case was appealed.

In Foglia v. Renal Ventures Management, LLC, 754 F.3d 153, 155-56 (3d Cir. 2014), the Third Circuit explained that the

"Fourth, Sixth, Eighth, and Eleventh Circuits have held that a plaintiff must show 'representative samples' of the alleged fraudulent conduct, specifying the time, place, and content of the acts and the identity of the actors," while the "First, Fifth, and Ninth Circuits, however, have taken a more nuanced reading of the heightened pleading requirements of Rule 9(b), holding that it is sufficient for a plaintiff to allege particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." Foglia, 754 F.3d at 155-56 (citations and quotations omitted). Considering that "the purpose of Rule 9(b) is to provide defendants with fair notice of the plaintiffs' claims," the Third Circuit adopted "the more 'nuanced' approach followed by the First, Fifth, and Ninth Circuits." Id. at 156-57 (citations and quotations omitted).

Thus, in order to survive a motion to dismiss and satisfy the standards of Rule 9(b), a plaintiff asserting claims under the FCA "must provide particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." Id. at 158-59 (citations omitted). "Describing a mere opportunity for fraud will not suffice," and, instead, a plaintiff must provide

8

"sufficient facts to establish a plausible ground for relief." Id. at 159 (citations omitted).

### D. Analysis

In the September 2012 Opinion, this Court discussed plaintiff's two FCA claims. Plaintiff's first claim concerned allegations that he observed defendant's failure to provide the required nurse to patient ratio in accordance with 8:43A-24.7(c) and (d) of the New Jersey Administrative Code (NJAC). For that claim, plaintiff alleged that defendant falsely certified it was in compliance with all State regulations when it had violated certain sections of the NJAC.

Plaintiff's second claim concerned allegations that defendant submitted claims for payment for the drug Zemplar based on full use of each vial of the drug even though there were unused portions of vials, which were then given to other patients. Plaintiff also alleged that defendant's use of Zemplar by reusing single use vials violated Department of Health and Human Services ("HSS") regulations, which followed CDC recommendations.

The Court recited the Rule 9(b) standard for assessing FCA claims as it stood as of September 2012. The Court then explained that there are two categories of false claims under

9

the FCA: a factually false claim and a legally false claim.  A claim is factually false when the claimant misrepresents what goods or services that it provided to the Government, and a claim is legally false when the claimant knowingly and falsely certifies that it has complied with a statute or regulation, the compliance with which is a condition for Government payment. Wilkins v. United Health Group, Inc., 659 F.3d 295, 305 (3d Cir. 2011).  The Court also explained that a plaintiff may proceed under two theories of legally false claims under the FCA: express false certification and implied false certification. Wilkins, 659 F.3d at 305.  "Under the 'express false certification' theory, an entity is liable under the FCA for falsely certifying that it is in compliance with regulations which are prerequisites to Government payment in connection with the claim for payment of federal funds."  Id. (citation omitted).  Under the "implied false certification" theory, a claimant "seeks and makes a claim for payment from the Government without disclosing that it violated regulations that affected its eligibility for payment."  Id.  Under either an express or implied false certification theory, a plaintiff "must show that compliance with the regulation which the defendant allegedly violated was a condition of payment from the

10

Government." Id. at 309.

In assessing defendant's motion to dismiss those claims, the Court found that even though plaintiff survived a Rule 9(b) challenge on his first claim alleging that defendant falsely certified it was compliant with State laws, he did not, under either an express or implied false certification theory, plead facts that could show that compliance with a regulation allegedly violated by defendant was a condition of payment from the Government. With regard to plaintiff's second claim, the Court found that plaintiff did not survive defendant's Rule 9(b) challenge because he failed to provide a representative sample or to identify representative examples of specific false claims made to the Government. The Court also determined that even if plaintiff's claim had met the requirement of Rule 9(b), plaintiff had provided no authority under an express or implied false certification theory that the claims submitted by defendant violated any HHS rules or statute establishing compliance as a condition of payment.

Accordingly, the Court dismissed with prejudice plaintiff's FCA claims, and declined to continue exercising supplemental jurisdiction over his claims under the New Jersey False Claims Act for the same violations, as well as a claim for violations

11

of the New Jersey Conscientious Employee Protection Act.

Plaintiff appealed the Court's dismissal of his case. As stated above, in deciding plaintiff's appeal, the Third Circuit first addressed the conflict in the circuit courts regarding the standard for assessing FCA claims. Foglia, 754 F.3d at 155-56. Under the "nuanced" standard it adopted, the Third Circuit then assessed plaintiff's claims. The court first noted that plaintiff seemed to have abandoned his "legally false" claim regarding certifying compliance with the HHS rules. Id. at 157 n.7. The court also found that even though "we have not directly ruled on the issue, it is highly doubtful these conditions for safe use are properly 'conditions for receiving payment.'" Id. (citing Mikes v. Straus, 274 F.3d 687, 699 (2d Cir. 2001) ("the False Claims Act was not designed for use as a blunt instrument to enforce compliance with all medical regulations—but rather only those regulations that are a precondition of payment.")).

The court then reviewed plaintiff's "factually false" claim regarding the multi-use of the single-use Zemplar vials. The Third Circuit determined:

> This is a close case as to meeting the requirements of Rule 9(b). Accepting the factual assertions made by Foglia as true, we have patient logs that show that less Zemplar was used than would be required if it were used in the single

12

> use fashion. We know that Medicare will reimburse for the
> full vial of Zemplar, regardless of whether all of the
> Zemplar is used, and that this provides an opportunity for
> the sort of fraud alleged by Foglia. At this point we must
> assume that Foglia is correct in alleging that Renal did
> not follow the procedures that it should have followed if
> it was to harvest the "extra" Zemplar from the used vials.
> Although we recognize that this hypothesis could be
> challenged, it certainly suffices to give Renal notice of
> the charges against it, as is required by Rule 9(b). This
> conclusion is further supported by the fact that Renal, and
> only Renal, has access to the documents that could easily
> prove the claim one way or another--the full billing
> records from the time under consideration. Under these
> circumstances, Foglia has provided sufficient facts to meet
> the requirements under Rule 9(b), and has therefore also
> met the requirements to state a claim under 12(b)(6).

Id. at 158.

Now that the case is back before this Court, defendant has moved for judgment on the pleadings on plaintiff's factually false FCA claim regarding defendant's alleged billing for single use vials despite using each vial more than once.  To support its motion, defendant has submitted Medicare billing records from October 1, 2008 through plaintiff's termination on November 7, 2008 that are purported to show that defendant charged the government per microgram of Zemplar used, rather than per 5 mcg vial as plaintiff alleges.  Defendant argues that these billing records "easily prove" that defendant did not submit false claims to the Government.  Defendant also argues that the Court may consider these billing records on a motion for judgment on

the pleadings because these billing records are alluded to in plaintiff's complaint and they therefore constitute an "undisputedly authentic document" that may be considered on a Rule 12(c) motion.

Plaintiff objects to defendant's motion on two bases. First, plaintiff argues that its legally false claim regarding certification in compliance with HHS regulations is still pending because this Court's resolution of it was dicta in a footnote, and the Third Circuit did not directly rule on it. Second, plaintiff argues that not only is the consideration of defendant's extraneous documents impermissible, they do not cover the time period in the complaint, and they are not properly authenticated documents.

With regard to plaintiff's first objection, the Court will elevate its consideration of plaintiff's legally false claim from a footnote in its prior Opinion and incorporate it into the body of this Opinion, thus assuaging any concerns about its status as the law of the case:

> Even if this claim met Rule 9(b), relator has provided no authority under an express or implied false certification theory that the claims submitted by defendant violated a rule or statute establishing compliance as a condition of payment. Relator has stated that HHS issued a "program memorandum" dated September 12, 2002, in which it states that it expects End Stage Renal Disease (ESRD) facilities to follow the revised CDC recommendations for injectable

14

> medications administered at ESRD facilities, and that failure to comply poses a significant health and safety risk to patients.  The revised "recommendations" are not "conditions of payment" and there is no reference at all regarding Medicare payments.  Relator also relies on Section 1395y(a)(1)(A) of the Medicare Act which  states, "no payment may be made ... for any expenses incurred for items or services ... which are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member."  As stated above, relator has not plead any facts that could show the actual amounts of Zemplar administered to patients were not reasonable and necessary.

Moreover, even accepting plaintiff's contention that his legally false claims remains in the case because he did not abandon this issue on appeal and the Third Circuit did not definitively consider the issue, the Court finds that its prior assessment of plaintiff's legally false claim, incorporated again here, is supported by the Third Circuit's findings in its decision on appeal.  See Foglia, 754 F.3d at 157 n.7.  Thus, the Court will reject plaintiff's argument that his legally false claim remains in the case.

With regard to plaintiff's objection to defendant's proffer of billing records to support its motion for judgment on the pleadings on plaintiff's factually false claim, the Court agrees, to an extent.  Even though the Third Circuit opined "that Renal, and only Renal, has access to the documents that could easily prove the claim one way or another," including "the

full billing records from the time under consideration," the Third Circuit did not suggest that a Rule 12(c) motion was the proper method of disproving plaintiff's claim. Defendant argues that Medicare billing records are inherently authentic and may be considered because plaintiff generally refers to these billing records in his complaint. These billing records in this case do not, however, fall into the "undisputedly authentic document . . . [that] plaintiff's claims are based on" category.

When the Third Circuit announced the rule in <u>Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993) that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," it made sense in the context of that case, and many others since that time. There, PBGC's complaint was based on the purchase and sale agreement between WCI and Blaw Knox, and it described some of its terms, but it did not attach the purchase and sale agreement as an exhibit to its complaint. When WCI moved to dismiss PBGC's complaint, it asked the court to consider the purchase and sale agreement between WCI and Blaw Knox, which it attached to its motion to dismiss. In these circumstances, the court permitted the consideration of such a

document on a motion to dismiss, observing that "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  PBGC, 998 F.2d at 1196.

The court went on to further observe,

> Our decision will not undermine the rationale underlying Rule 12(b)(6)'s requirement that a motion to dismiss be converted to a summary judgment motion if a court considers matters outside the pleadings.  The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond.  When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.

Id. at 1196-97.

In this case, plaintiff may have referred to billing records generally in his complaint, but he was not "obviously [] on notice of the contents" of those billing records, particularly because the Third Circuit noted that "that Renal, and only Renal, has access to the documents that could easily prove the claim one way or another."  Additionally, plaintiff argues that he does not concede to the medical records' authenticity.  Thus, the Court cannot consider the billing records to assess plaintiff's factually false FCA claim on defendant's Rule 12(c) motion.

17

Despite the Court agreeing with plaintiff on this issue, two points raised by defendant are well-taken.  First, the Court acknowledges that for almost a year, plaintiff, as a qui tam relator, participated in the investigation of his claims by the United States, state of New Jersey, and state of Texas, while his complaint remained under seal.  Presumably plaintiff had access to defendant's billing records submitted to Medicare, and he could have reviewed them to determine if his claims about defendant's improper billing for Zemplar were valid.

Second, plaintiff disputes that his complaint only covers the time period of October 1, 2008 through November 7, 2008, but plaintiff admits that his complaint "does not limit the allegation to a specific time frame." (Pl. Opp. at 2.)  Even though the Third Circuit adopted the more relaxed Rule 9(b) pleading standards for FCA claims, and rejected the stricter "time, place, and content" standard, Foglia, 754 F.3d at 156, the "more relaxed" standard does not allow for amorphous, open-ended allegations of fraud.

The Court raises one more issue not addressed by the parties.  In the September 2012 Opinion, the Court dismissed without prejudice plaintiff's state law claims because it chose not to continue exercising supplemental jurisdiction over them

18

once the federal claims were dismissed.  See 28 U.S.C. § 1367(c) (providing that a district court may decline to exercise supplemental jurisdiction over a claim brought before the court under § 1367(a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction).  The Third Circuit noted the dismissal of those state claims, and it noted that it therefore did not need to consider them.  Foglia, 754 F.3d at 155 n.2.  Now that the Third Circuit has revived plaintiff's factually false FCA claim, the issue becomes whether plaintiff's state law claims should also be revived.

In consideration of the foregoing, the Court must deny defendant's motion for judgment on the pleadings.  In order to address the additional issues raised in this Opinion, the Court provides the following direction to the parties:

1. Plaintiff shall file a third amended complaint, which shall only contain allegations to support his factually false FCA claim, and not his legally false FCA claim.  Plaintiff's claim must specify the time period of defendant's alleged wrongdoing.
2. Plaintiff may re-plead his state law claims, if he so wishes, and to the extent the prior rulings of the Third Circuit and this Court would allow.

19

3. After the filing of plaintiff's third amended complaint, defendant may file a motion for summary judgment at any time it chooses to do so in compliance with Rule 56 and the Rules of Evidence.

An Order consistent with this Opinion will be entered.

Date: March 11, 2015         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.